IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES | ) | |
|---|---|---|
| | ) | CR 12-09 |
| v. | ) | CV 16-62 |
| TIMOTHY WILSON | | |

## OPINION AND ORDER

### SYNOPSIS

In this action, Defendant was convicted of violating 18 U.S.C. §§ 922(g)(1) and 924(e), and 26 U.S.C. § 5861(d). On January 16, 2013, Defendant was sentenced to a term of imprisonment of 262 months at Count 1 and 120 months at Count 2, to run concurrently, followed by a term of supervised release. Defendant's sentence was based, in part, on the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e).[1] Before the Court is Defendant's Motion pursuant to 28 U.S.C. § 2255, arguing that his enhanced sentence is invalid. Also pending is the Government's Motion to Dismiss the Section 2255 Motion as untimely, and as a prohibited second or successive petition.[2] For the following reasons, the Motions filed by both Defendant and the Government will be denied.

### OPINION

#### I. APPLICABLE STANDARDS

A prisoner in federal custody may move to vacate his or her sentence under 28 U.S.C. § 2255(a) if such "sentence was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(a). "[R]elief under § 2255 is available only when 'the claimed error of

---

[1] Judge Cercone presided over Defendant's trial and sentence. The matter was transferred to my docket on November 30, 2016.
[2] Defendant has also filed a Motion to Grant Motion to Vacate, based on the Government's failure to respond to the Motion to Vacate. Because the Government filed a response, the Motion to Grant Motion to Vacate will be denied.

1

law was a fundamental defect which inherently results in a complete miscarriage of justice, and ... present[s] exceptional circumstances where the need for the remedy afforded by the writ ... is apparent.'" United States v. Travillion, 759 F.3d 281, 288 (3d Cir. 2014) (quoting Davis v. United States, 417 U.S. 333, 346, 94 S. Ct. 2298, 41 L.Ed.2d 109 (1974)). A district court need not hold an evidentiary hearing on a Section 2255 motion if the motion, files, and records show conclusively that the defendant is not entitled to relief. United States v. Ritter, 93 F. App'x 402, 404 (3d Cir. 2004). In this case, an evidentiary hearing is unnecessary, and the Motion will be disposed of on the record.

   II.    DEFENDANT'S MOTION
       A. Timeliness

First, the Government contends that Defendant's Motion is a second or successive petition, prohibited absent appropriate certification by the Court of Appeals, and is also untimely. Defendant filed his first Motion to Vacate, pro se, on January 11, 2013, which was denied without prejudice because Defendant was represented by counsel at the time. At that point, Defendant had not yet been sentenced. He filed another Motion to Vacate, pro se, on July 10, 2015. In accordance with Miller notice, which tolled the limitations period for 120 days, Defendant elected to withdraw the July 10 Motion and file a new one. He then filed the Motion at bar, which was postmarked December 21, 2015 and docketed on January 6, 2016. Counsel was appointed on January 15, 2016, and was directed to file a supplemental brief. A supplemental brief was filed on May 5, 2016. The Government suggests that Defendant's Motion is untimely because it arises under Johnson v. United States, 559 U.S. 133, 130 S. Ct. 1265, 176 L. Ed. 2d 1 (2010) ("Johnson 2010"), rather than Johnson v. United States, 135 S.Ct. 2551, 192 L. Ed. 2d 569 (2015) ("Johnson 2015"). The Motion, however, is fairly read as

raising an argument under Johnson 2015.[3]  Under the circumstances, the pending Motion will neither be deemed a prohibited second or successive petition, nor untimely.

### B. Defendant's Motion

Defendant's argument is limited to the contention that his prior convictions for Pennsylvania robbery, 18 Pa.C.S. § 3701, no longer support an ACCA sentence, because they could only have qualified as predicates under the residual clause invalidated by Johnson v. United States, __ U.S. __, 135 S. Ct. 2551, 192 L. Ed. 2d 569 (2015).  The Government responds that Defendant's robbery convictions qualify as predicate offenses under ACCA's "force" or "elements" clause, 18 U.S.C. § 924(e)(2)(B)(i), rather than under the now-invalid residual clause.[4]  In this context, the Government bears the burden of demonstrating that a sentencing enhancement is valid.  E.g., United States v. Sunday, No. 8-393, 2017 U.S. Dist. LEXIS 8264, at *2 (W.D. Pa. Jan. 20, 2017).  Contrary to the Government's suggestion, Defendant does not bear the burden of demonstrating that he was sentenced under ACCA's residual clause. Id.

Defendant's prior convictions arose under Pennsylvania's robbery statute, 18 Pa.C.S. § 3701, which has been held divisible and subject to a modified categorical approach. United States v. Blair, 734 F.3d 218, 225 (3d Cir, 2013).  "[T]he 'modified categorical approach' [applicable to a divisible statute] permits a court to determine which statutory phrase was the basis for the conviction." Johnson v. United States, 559 U.S. 133, 144, 130 S. Ct. 1265, 176 L. Ed. 2d 1 (2010) (citation omitted).

---

[3] For purpose of clarity, I use the shorthand reference to the Johnson cases used by the Government.  In Johnson 2015, the Supreme Court invalidated ACCA's residual clause as unconstitutionally vague.  In Johnson 2010, the Supreme Court clarified the application of ACCA's force clause.  It is true that after Johnson 2010, our Court of Appeals changed course from United States v. Cornish, 103 F.3d 302 (3d Cir. 1997), and held that 18 Pa.C.S.A. § 3701(a)(v) no longer qualified as a violent felony.  See United States v. Hollins, Nonetheless, Defendant argues here, albeit unsuccessfully, that his robbery convictions are no longer valid due to Johnson 2015.  His Motion is not untimely on grounds that it rests on Johnson 2010, rather than Johnson 2015.

[4] An ACCA sentence must be based on three predicate convictions for "violent felonies," which are defined to include a crime that "has as an element the use, attempted use, or threatened use of physical force against the person of another."  18 U.S.C. § 924(e)(2)(B)(i).

3

In this case, the parties agree that Defendant's ACCA sentence rested on prior convictions for violating either 18 Pa.C.S. § 3701(a)(1)(i) or (a)(1)(ii), obviating the need for a full modified categorical analysis and its attendant inquiry into underlying judicial records if both subsections support qualifying predicate offenses. Other courts within this Circuit have found that both subsections do, indeed, qualify as predicate offenses under ACCA's force clause. United States v. Harris, No. 6-268, 2016 U.S. Dist. LEXIS 117070, at *44 (M.D. Pa. Aug. 31, 2016) (citing United States v. Dobbin, 629 F. App'x 448, 452 (3d Cir. 2015) (nonprecedential)); United States v. Maldonado, No. 10-288, 2016 U.S. Dist. LEXIS 105356, at **10, 13-14 (E.D. Pa. Aug. 9, 2016). [5] I am persuaded by this precedent, and will do likewise. Defendant's Motion must be denied.

III. **CERTIFICATE OF APPEALABILITY**

Under 28 U.S.C.§ 2253(c)(2), a "certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right." For the reasons stated above, Defendant has not made such a showing. Therefore, a certificate of appealability will not issue.

**CONCLUSION**

In conclusion, Defendant's prior convictions for Pennsylvania robbery, whether under 3701(a)(1)(i) or (ii), qualify as predicate offenses under the "force clause" of ACCA. As a result, Defendant has not established that he is entitled to relief under Section 2255. No certificate of appealability shall issue. An appropriate Order follows.

---

[5] The Government urges the Court to look to the facts underlying the prior convictions, as recited in the presentence report ("PSR"), to establish that they were "crimes of violence." Given the disposition of this matter, I need not address the Government's argument. I do, however, note potential conflict between the approach taken in United States v. Siegel, 477 F.3d 87 (3d Cir. 2007), on which the Government relies, and the approach later suggested in United States v. Johnson, 587 F.3d 203, 212 n.10 (3d Cir. 2009). The latter is consistent with prevailing principles, under which a court "may look only to the elements of a defendant's prior conviction, not 'to the particular facts underlying those convictions.'" United States v. Abbott, 748 F.3d 154, 157 (3d Cir. 2014).

**ORDER**

AND NOW, this 23rd day of March, 2017, it is hereby ORDERED, ADJUDGED, and DECREED that Defendant's Motion to Vacate [89] is DENIED, and no certificate of appealability shall issue. Further, the Government's Motion to Dismiss [96] is DENIED, and Defendant's Motion to Grant Motion to Vacate [101] is DENIED.

BY THE COURT:

/s/Donetta W. Ambrose

_____

Donetta W. Ambrose

Senior Judge, U.S. District Court