# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES | ) | |
|---|---|---|
| | ) | CR 12-09 |
| v. | ) | |

TIMOTHY WILSON

## MEMORANDUM ORDER

Before the Court is Defendant's September 18, 2017 Motion for reconsideration of this Court's Order dated March 23, 2017 ("March 23 Order"), denying his Motion to Vacate pursuant to 28 U.S.C. § 2255.

Defendant does not identify the procedural basis for his Motion. For purposes of Fed. R. App. P. 4, a Motion labeled "Motion for Reconsideration" is, typically, treated as the equivalent of a Rule 59(e) Motion. Venen v. Sweet, 758 F.2d 117, 122 (3d Cir. 1985). In that case, this Court would retain jurisdiction, but the Motion would be untimely. Fed. R. App. P. 4(a)(4); Fed. R. Civ. P. 59. If I were to consider the Motion pursuant to other potentially applicable procedural vehicles, it is likely that Defendant's pending appeal of the March 23 Order would divest this Court of jurisdiction over the matter.

According to the liberal standards afforded pro se submissions, however, it is possible that Defendant's Motion is subject to consideration under Fed. R. Civ. P. 60(b)(6). That Rule requires that a Motion be made "within a reasonable time," and this Court retains authority to entertain and deny such a Motion during the pendency of an appeal. Fed. R. Civ. P. 60; Sweet, 758 F.2d at 123. "[C]ourts are to dispense their broad powers under 60(b)(6) only in 'extraordinary circumstances where, without such relief, an extreme and unexpected hardship would occur.'" Cox v. Horn, 757 F.3d 113, 120 (3d Cir. 2014). Defendant has not demonstrated such circumstances here. His Motion relies on United States v. Singleton, No. 10-578-1, 2017

1

U.S. Dist. LEXIS 64004 (E.D. Pa. Apr. 26, 2017). This case, however, is unlike Singleton, in which defendant was charged with 18 Pa.C.S. §§ 3701(i)-(iii), and his "convictions [could not] be isolated to subsections (i) or (ii) to the exclusion of (iii)." Id. at **25-26. Here, as evidenced by the charging instruments appended to his Supplemental Brief filed at docket number 100, Defendant was charged with violating 18 Pa.C.S. § 3701(a)(i) or (ii), and not (iii). Thus, even if the Motion is deemed timely and this Court retains authority to adjudicate the issues presented, Singleton has no impact on this case. Defendant has not demonstrated entitlement to relief from or reconsideration of this Court's March 23 Order. His Motion must be denied.

AND NOW, this 28th day of September, 2017, IT IS SO ORDERED.

BY THE COURT:

*/s/ Donetta W. Ambrose*

Donetta W. Ambrose

Senior Judge, U.S. District Court